## Hannah Horner et al.

### v.

### Noel B. Boyden, for use, etc.

| 27 | 573 |
|---|---|
| 196s | 453 |

*Replevin—Sales—Fraud—Debt on Bond—Change of Action to Assumpsit—Effect of—Practice—Evidence.*

1.  Where, in an action of debt on a replevin bond, the bond is stated in legal effect in the declaration, it is unnecessary to prove its execution, unless it has been denied by plea verified by affidavit.

2.  The change by the plaintiff of an action of replevin, brought to recover goods alleged to have been obtained by fraud, to an action of assumpsit, operates to affirm the sale as to all the goods in question, and the plaintiff can not thereafter defend an action on the replevin bond on the ground of fraud in the purchase of the goods.

[Opinion filed December 18, 1888.]

Appeal from the Superior Court of Cook County; the Hon. Joseph Gary, Judge, presiding.

Mr. Allan C. Story, for appellants.

In this case no copy of the bond was filed with the declaration, and the statute has, therefore, no application, but the common law rule prevails, that upon a plea of *non est factum* the plaintiff is put upon proof of the execution of the instrument sued on.  1 Chitty, 483; Gardner v. Gardner, 10 Johns. 47; Seymour v. Harvey, 8 Conn. 63; People v. Rowland, 5 Barb. 449; Kane v. Sanger, 14 Johns. 89; 2 Greenlf. on Ev., Sec. 279; Longley v. Norvall, 1 Scam. 389; Smentek v. Cornhauser, 17 Ill. App. 266.

The court below erroneously received evidence, and allowed $50 as damages for attorney's fees for appearing and dismissing replevin suit for want of narr. This evidence was also especially objected to, and exception preserved. No such damages are recoverable in this class of cases, although attorney's fees may be recovered in this State on injunction and attachment bonds, the conditions of which, however, are different from the bond in suit. Park v. McDaniels, 37 Vt. 594; Earl v. Tupper, 45 Vt. 287; Pacific Ins. Co. v. Conard, 1 Baldwin, 138.

Messrs. KRAUS, MAYER & STEIN, for appellee.

MORAN, J. This is an action in debt on a replevin bond given to appellee as coroner in a suit brought by appellants against Hanchett, sheriff, and one Langbien, in which suit there was taken on the replevin writ from said sheriff, and delivered to appellants, certain goods and merchandise. The bond sued on was set forth in its legal effect in both counts of the declaration, but no copy of the bond was attached thereto.

The pleas were *non est factum*, property in appellants, and that the merits of the replevin action were never tried. There was a trial by the court without a jury and a judgment was rendered against appellant for $474. On this appeal it is urged that the court erred in allowing the bond sued on to go in evidence without proof of its execution.

The action was brought on the bond and the declaration stated said bond in legal effect and it was therefore unnecessary to prove its execution, that not having been denied by a plea verified by affidavit. Sec. 33, Practice Act; Reed v. Phillips, 4 Scam. 39; Delahay v. Clement, 2 Scam. 575; Gaddy v. McCleave, 59 Ill. 182.

It is further urged that the evidence does not support the findings of the court and it is contended that the evidence clearly shows that Langbien obtained the goods from appellants on credit, intending not to pay for them. We are inclined to believe that if the case was to turn on that point, we should find difficulty in concluding that the finding was so far without support as to authorize us to reverse the judgment,

but in the view we take of this case, it is unnecessary for us to decide that question.

It appears from the record that after the dismissal of the replevin suit as to Hanchett, and the awarding of a return as to him, the appellants took leave to change the form of the action as to Langbien, from replevin to assumpsit, and Langbien pleaded to the amended declaration, and by agreement the cause was submitted to the court for trial, and a judgment rendered against Langbien for the whole amount due from Langbien to appellants, including the bill for the goods alleged to have been fraudulently purchased.  A few days afterward appellants amended the judgment so entered against Langbien by remitting therefrom the value of the goods which had been taken on the replevin writ.  That is to say, appellants brought replevin for a certain lot of goods which they alleged had been obtained from them by fraud; they obtained on the writ a portion of the goods described; they then, without trying the replevin suit, changed the form of action and took judgment in assumpsit for such of the goods as they failed to retake by the replevin, and then, in an action on the replevin bond, they seek to justify for taking the goods by setting up that they were obtained by fraud.  By changing the replevin action to assumpsit they elected to affirm the sale and not to rescind it.  They could not affirm the sale as to a part of the goods, and rescind it as to another part, and when they affirmed it as to Langbien, they necessarily affirmed it as to all persons who claimed under him as creditors or purchasers.  Benj. on Sales, Secs. 433, 442; Conihan v. Thompson, 111 Mass. 270; Hanchett v. Riverdale Dis. Co., 15 Ill. App. 57; Barhydt v. Clark, 12 Ill. App. 647, and cases there cited.

The affirmance of the contract of sale left appellants entirely without any defense to the replevin bond based on fraud in the purchase of the goods.

The evidence supports the finding as to the amount of damages assessed and, there being no error in the record, the judgment must be affirmed.

*Judgment affirmed.*

Gary, J., took no part in the decision of this case.