Edward A. Ferguson, Defendant in Error, v. Lelia H. Hale, Plaintiff in Error.

## Gen. No. 15,690.

1. TRIAL—*when denial of continuance will not reverse.* · *Held,* that the denial of a continuance sought in this case was not improper where the grounds relied upon were as follows: (1) That a bill had been filed to restrain the collection of the judgment in suit (no injunction having been obtained); (2) that a formal amendment had been made.

2. MUNICIPAL COURT—*when statement of claim sufficient.* A state-

ment of claim need only describe "the nature of the demand." If the demand be predicated upon an appeal bond a copy thereof need not be attached or filed therewith.

3. PRACTICE ACT—*section 52 construed.* In the absence of a verified plea, a defendant cannot deny the execution of an instrument sued on, although no copy has been filed.

Action in debt. Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed June 19, 1911. Rehearing denied June 29, 1911.

EDWARD J. KELLY, for plaintiff in error.

MENZ I. ROSENBAUM and LOUIS M. CAHN, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This is a writ of error to the Municipal Court of Chicago to reverse a judgment in debt for $400, to be satisfied on payment of the damages assessed at $244.45 and the costs. The suit was on an appeal bond, in which the defendant, Lelia H. Hale, was a surety. The bond, in the penal sum of $400, was given by her·husband, John G. Hale, to the plaintiff Ferguson in an appeal to this court to reverse a judgment against him for $200, rendered by the Circuit Court of Cook county March 9, 1907. The bond was in the usual form of appeal bonds in such cases. The judgment of the Circuit Court was affirmed in this court June 30, 1908, and was with the costs wholly unpaid when the suit in the Municipal Court involved in this writ of error was begun, February 1, 1909.

Various points are made here in the assignments of error and in the argument of the plaintiff in error, which we do not think need or merit detailed discussion.

One of these points is that a continuance was wrongfully denied by the Municipal Court, because John G. Hale had filed a bill in the Circuit Court to restrain the collection of the judgment against him. Another is that the denial of the continuance was wrongful because a copy of the appeal

bond sued on was not filed with the statement of claim. And a third, that the continuance should have been granted because an amendment of the defendant's name had been made from Leolia H. Hale to Lelia H. Hale. There is no merit in these contentions. Even if we consider (contrary to the fact) that the record shows any sufficient evidence that the described bill to restrain collection was on file, there had been no injunction granted on it, and it furnished no reason for delaying the suit at bar. The section of the Practice Act requiring a declaration, together with a copy of the instrument sued on, to be filed at least ten days before the term of court to which a suit is brought on pain of continuance, has no application to the Municipal Court, which has no terms and in which, in cases of the fourth class, no written pleadings are required. The amendment was a purely formal one and would not justify, much less require, a continuance.

Another point entirely without force is made, that the statement of claim was insufficient, in that no copy of the appeal bond was filed with it. It was not necessary to file a copy. The statement complied with the Municipal Court Act sufficiently in describing "the nature of the demand." Counsel is mistaken in saying "the appeal bond is described as for $500 when in fact it was for $400." The amount of claim is stated in the *praecipe* to be $500, but the "statement of claim" does not mention the amount, but says that the claim is "for money due on appeal bond signed by defendant as surety in the case of Ferguson vs. Hale, the judgment having been affirmed in the Appellate Court but not paid." It was sufficient under the liberal practice provided for in the Municipal Court Act.

The only remaining point made against the judgment, and the only one which we deem deserving serious consideration, is that the bond in question, purporting to be signed by defendant, was received in evidence over objection without further proof of her signature. It is argued that inasmuch as no copy had been theretofore filed in the suit, the original bond was inadmissible without proof of such execution, not-

withstanding the provision in section 52 of the Practice Act, as follows:

"No person shall be permitted to deny on trial the execution or assignment of any instrument in writing, whether sealed or not, upon which any action may be brought, or which shall be pleaded or set up by way of defense or set off, *or is admissible under the pleadings when a copy is filed,* unless the person so denying the same shall, if defendant, verify his plea by affidavit, and if plaintiff, shall file his affidavit denying the execution or assignment of such instrument."

No denial under oath or offer to deny under oath, by affidavit or otherwise, by the defendant was made, but it is maintained by the defendant that by the common law no signature proves itself, and that the statute quoted only dispenses with this proof and makes an instrument admissible without it when a copy has been filed.

We have given this point careful consideration. We do not construe the statute, however, in accordance with this contention.

By the "Act Concerning Practice in Courts of Law," approved January 29, 1827, the provision in question was enacted exactly as it now stands in the present Practice Act, with the exception of the words underlined above—"or is admissible under the pleadings when a copy is filed." It so stood (re-enacted in the subsequent revisions) until 1872, when in the revision of the Practice Act, approved February 22, 1872, the additional words quoted were inserted in the place they now occupy in the present Act. It is plain, we think, that the words "when a copy is filed" limit only the words "or is admissible under the pleadings," and not all the preceding words of the section. This construction takes away all force from the argument of plaintiff in error in this regard. That it is the correct construction of the present Practice Act as to courts of record is further, we think, shown by the fact that in the Act in relation to practice before justices of the peace, where written pleadings are not

required, the same provision concerning the denial of the execution of any written instrument upon which an action, defense or set-off is founded, occurs with no reference to the filing of any copy.

This construction also by fair inference must have been put on the statute by this court in Horner v. Boyden, 27 Ill. App. 573.

The judgment of the Municipal Court is affirmed.

*Affirmed.*