## Ferdinando Guerra, Defendant in Error, v. Michele Rocco, Plaintiff in Error.

### Gen. No. 17,772.

1. MUNICIPAL COURT—*practice.* The Municipal Court Act does not require a copy of the writing sued on to be filed with the statement of claim.

2. CONTRACTS—*validity.* The fact that a party was blind and unlearned in English does not affect the validity of the contract in the absence of fraud.

3. PRACTICE—*when defendant is limited to defense set up in affidavit.* In an action for money due under a written contract for the erection of a building, defendant cannot question the validity of the contract where in the affidavit of merits he does not deny its validity and claims damage for plaintiff's failure to perform.

4. EVIDENCE—*when terms of contract control in determining who employed architect.* In an action for money due under a written contract for the erection of a building, the terms of the contract control in determining who employed the architect.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed June 30, 1913. Rehearing denied July 14, 1913.

JOHN J. SWENIE, for plaintiff in error.

HERBERT GREEN, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action of the fourth class in the Municipal Court on a written contract for the erection of a building and the alteration of another building by plaintiff for defendant, plaintiff had judgment for $897.74, $600 of which was for the amount unpaid of the contract price, and $297.74 was for extras and the defendant sued out this writ of error. The grounds of

reversal argued by plaintiff in error are, first; that no copy of the contract was attached to or filed with plaintiff's statement of claim. The Municipal Court Act does not require a copy of the writing sued on to be filed with the statement of claim. *Ferguson v. Hale,* 162 Ill. App. 523.

Second: that defendant was blind, an Italian, who understood very little English, and the contract was not interpreted or the substance made known to him. That the defendant was blind and unlearned in English does not affect the case in the absence of any fraud practiced on him. He testified that the paper writing to which he made his mark was not read or explained to him, but did not state that his signature was obtained by duress or fraud, and it has been often decided that a man is bound to take ordinary care of his own interest, and such care requires him to refrain from signing a paper unless he knows its contents. *Weller's Appeal,* 103 Pa. St. 594; *Muller v. Kelly,* 116 Fed. 545; *Deering v. Hoeft,* 111 Wis. 339; 9 Cyc. 390.

The second resolution in *Thoroughgood's case* in the time of Lord Coke, 2 Coke R. 9[b], was that an illiterate man need not execute a deed before it is read to him in a language which he understands; but if he do so without desiring it to be read, the deed is binding. The contention under consideration cannot be sustained for another reason. The defendant did not in his affidavit of defense deny that the contract sued on was valid and binding on him, but claimed damage for the alleged failure of the plaintiff to fulfil the contract, and was limited to the defense set up in his affidavit of defense. *Walter Cabinet Co. v. Russell,* 250 Ill. 416.

Third: that the court erred in admitting the contract in evidence. What has been said disposes of this contention.

Fourth: That defendant did not employ Fortin, the architect, but the plaintiff "got Fortin to make the plans for the building." The contract expressly pro-

vides that the work shall be done "according to plans, specifications and drawings which are declared to be a part of this agreement made by J. T. Fortin acting as agent for the owner;" that the contract shall be performed to the satisfaction of Fortin; that in the case of dispute as to the value of work added or omitted by the contractor the same shall be arbitrated by Fortin, "who has been mutually selected and whose decision shall be final and binding," etc. The contract conclusively shows that the defendant employed Fortin as his architect, and it is immaterial that the plaintiff may have suggested to Fortin that he prepare plans for the building with a view to his employment by defendant in case the plans were satisfactory to him.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*