## Jennie Philippe, Defendant in Error, v. John J. Curran and Isabella Curran, Plaintiffs in Error.

### Gen. No. 25,355.

1. PARTIES, § 38*—*when omission of name of party in caption not equivalent to discontinuance.* Where one is named as one of the defendants in the original *præcipe* in the original statement of claim and in the summons, is duly served by the bailiff, in her affidavit of merits to plaintiff's second amended statement of claim her name appears in the caption as one of the defendants and she is described as one of the defendants in the body thereof, is represented at the trial by her attorney who takes an active part therein and submits propositions of law to the court, a contention, first raised in the Appellate Court, that the omission of her name in the caption of plaintiff's second amended statement of claim is tantamount to a discontinuance of the action as to her, under the rule (15a) of the municipal court of Chicago, providing that every pleading shall be entitled with the names of the parties, is untenable.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when failure to file bond sued on is immaterial.* Under the practice in the municipal court of Chicago, the objection that a copy of the bond sued on is not filed with plaintiff's second amended statement of claim is without merit, especially where a copy of the bond was filed with plaintiff's original statement of claim and in said amended statement reference is made to the copy originally filed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. BUILDING AND CONSTRUCTION CONTRACTS, § 77*—*what does not affect surety's liability on bond.* The liability of a surety on bond to insure the erection in one year of a building or improvement by the principal on property purchased by him is separate and distinct from such principal's liability under the trust deed given by him to secure the payment of his note for the purchase price of the property, which note such surety neither signed nor guaranteed, and the question of the surety's liability on the bond had no proper place in and was not affected by the foreclosure under the trust deed.

4. BUILDING AND CONSTRUCTION CONTRACTS, § 78*—*what evidence is essential to recovery for breach of agreement.* In an action to recover on a bond given to insure the performance of the agreement of the purchaser of property to erect thereon in one year a building or improvement to cost not less than a specified amount, it is essential to a recovery by the plaintiff that he introduce evidence as to the value of the property without the building or improvement and its value with such improvement.

5. BUILDING AND CONSTRUCTION CONTRACTS, § 78*—*what building is contemplated by bond for erection on property purchased.* In an action to recover on a bond given to insure the performance by the purchaser of property to erect thereon in one year a building or improvement to cost not less than a specified amount, *held* that it would be presumed that the parties had in mind the construction of a building or improvements suitable to the locality.

6. BUILDING AND CONSTRUCTION CONTRACTS, § 78*—*what is measure of damages for breach of agreement to erect building.* In an action to recover on a bond given to insure the performance by the purchaser of property to erect thereon in one year a building or improvement to cost not less than $10,000, *held* that the measure of damages was the difference between the value of the property without such improvement and its value with such improvement at the time of the breach, and that the evidence supported a verdict of $5,435.49 with interest from the date of the decree.

Error to the Municipal Court of Chicago; the Hon. IRWIN R. HAZEN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed July 14, 1920. Rehearing denied July 28, 1920. *Certiorari* denied by Supreme Court (making opinion final).

LESLIE A. GILMORE, for plaintiffs in error.

BITHER & GOFF, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

In a first-class action in debt on a bond, commenced in the municipal court of Chicago on June 8, 1912, and tried before the court without a jury, the court, on February 15, 1919, found the issues against the defendants, John J. Curran and Isabella Curran, and assessed plaintiff's damages at the sum of $7,247.12. On the same day, after defendants' motions for a new trial and in arrest of judgment were overruled, the court entered judgment on the finding against defendants in the sum of $10,000 in debt and the sum of $7,247.12 damages, together with costs, the debt to be discharged upon the payment of said damages, costs and interest. This writ of error is sued out to reverse the judgment.

In plaintiff's original statement of claim a copy of the bond sued on is attached thereto. It is in the sum of $10,000, dated July 2, 1909, and is signed, sealed and acknowledged by both defendants. They therein acknowledge that John J. Curran, as principal, and Isabella Curran, as surety, are held and firmly bound unto Jennie Philippe in said sum. The condition of the obligation is:

"Whereas said John J. Curran has this day purchased from Jennie Philippe the premises known and described as the north twenty-five (25) feet of the south one hundred (100) feet of lot seventeen (17) in block one hundred and twenty-four (124) in school section addition to Chicago, otherwise described as lot five (5) in the Assessor's Division of said lot seventeen (17) situated in the City of Chicago, Cook county, Illinois, and as part consideration therefor doth promise, undertake and agree that he will, within one year from date hereof, erect a building or improvements upon said premises which shall cost not less than ten thousand ($10,000) dollars, and shall and will pay promptly at maturity, all claim for labor or material used in the construction of said building or

improvements, and will and shall indemnify and save said Jennie Philippe harmless from any and all mechanics' liens and claims or demands of any kind or nature arising or growing out of the erection of said building or improvement.

"Now if the said John J. Curran shall fully and faithfully perform all of the agreements and undertakings on his part hereinabove mentioned, then this obligation to be void, otherwise to remain in full force and effect."

In plaintiff's second amended statement of claim, filed June 9, 1916, it is alleged in substance that on June 2, 1909, John J. Curran purchased from plaintiff certain real estate in Chicago; that as a part consideration for such purchase said Curran entered into a bond on or about said date with Isabella Curran as surety, which bond was delivered to plaintiff; that a copy of the bond is on file in this cause attached to the original statement of claim; that by the terms of said bond said John J. Curran agreed to erect a building or improvements upon said real estate costing not less than $10,000 within one year from the date thereof; that as a further consideration for the purchase of said real estate said Curran executed and delivered to plaintiff his promissory note for $30,000, bearing said date, payable on or before 10 years after its date, with 5 per cent interest per annum payable semiannually, which said note contained a provision that it would become due, at the election of the holder, if default was made in the payment of any interest and such default continued for 30 days, and which said note was secured by trust deed upon said real estate; that said Curran neither within one year nor at any other time did erect a building or improvements upon said real estate costing $10,000 or any other sum; that he defaulted in the payment of interest on said note, and plaintiff thereupon filed a bill in chancery in the superior court of Cook county to foreclose said trust deed, and a decree was entered by said court, finding

Philippe v. Curran et al., 218 Ill. App. 517.

that said Curran was indebted to plaintiff in the sum of $33,562.18 and costs, and ordering that said real estate be sold; that the same was sold thereunder for the sum of $28,500, and a deficiency decree was entered in said court on June 7, 1912, in favor of plaintiff and against said Curran for the sum of $5,062.18, together with costs amounting to $373.31, or a total of $5,435.49; that had the said building and improvements been erected, the said real estate on July 2, 1909, and at all times since, would have been of the value of more than $36,000; that said real estate in the condition it was on July 2, 1909, and at all times since, without said building or improvements thereon, was worth not to exceed $28,500; and that by reason of the foregoing plaintiff has sustained damages, because of the breach of the covenants and conditions of said bond, to the amount of $5,435.49, with interest thereon at 5 per cent per annum from June 7, 1912.

The affidavit of merits of Isabella Curran to said second amended statement of claim is to the effect that she is not liable on the bond described therein in any sum; that she was discharged and released prior to the institution of the suit; that said statement of claim does not disclose any indebtedness nor liability on her part to plaintiff; and that not being advised that, had said buildings or improvements been erected on said real estate, the value of the whole would have been more than $36,000 as alleged, and, not knowing where the said building or improvements were to have been erected or what their character was to be, she demands that strict proof be made.

On the trial the evidence introduced by plaintiff supported all the material allegations of her second amended statement of claim. Plaintiff introduced among other instruments (1) the original bond signed and acknowledged by both defendants; (2) the bill of complaint in the foreclosure suit mentioned, filed in February, 1912; (3) the master's report; (4) the

decree of sale entered by said superior court on May 10, 1912; (5) the master's report of sale and distribution, showing that the premises were sold to plaintiff for $28,500, and of which sum the master paid her $28,139.05 and disbursed the residue for costs, etc.; (6) the order confirming the master's report of sale, and the deficiency decree, entered June 7, 1912, against John J. Curran, ordering that he pay to plaintiff the sum of $5,435.49, with interest thereon from the date of said master's sale. Plaintiff also introduced the testimony of William H. Babcock and Albert J. Allen, real estate experts. Babcock testified, in substance, that in the years 1909 and 1910 no building or improvements were put upon the premises in question; that in those years the fair cash market value of the real estate was $29,000; that in those years if a building, costing $10,000 and for the highest and best use of the ground, had been erected on the property, it would have added $10,000 to the value of the real estate; and that if such a building had been on the property in the year 1912, the entire value of the real estate and building would have been approximately $39,000. Allen testified, in substance, that he was well acquainted with the value of the real estate in question in 1909 and had been ever since; and that if a building, proper for the location, had been erected on the property during the years 1909 and 1910, it would have added to the value of the property the entire amount of the cost of the building, plus 10 per cent of the value of the ground.

Neither of the defendants introduced any evidence. The amount of the court's finding was arrived at by adding to the amount of said deficiency decree, $5,435.49, interest thereon at 5 per cent per annum from June 7, 1912, or the sum of $1,811.63.

In clause a of rule 15 of the rules of the municipal court (introduced in evidence by plaintiff) it is provided that "every pleading shall be entitled with the

names of the parties to the suit." It appears from plaintiff's second amended statement of claim that the cause is therein entitled "Jennie Philippe v. John J. Curran." The name of Isabella Curran, the other defendant, is not set down. It is here contended by counsel for defendants that the omission of her name in said caption "is tantamount to a discontinuance of the action as to her under the provisions of the above rule." To this we cannot agree. Isabella Curran was named as one of the defendants in the original *præcipe,* in the original statement of claim filed by plaintiff, and in the summons. She was duly served by the bailiff. In her affidavit of merits to said second amended statement of claim her name appears in the caption as one of the defendants, and in the body of the affidavit she is described as one of the defendants. She was represented at the trial by her attorney, who took an active part therein; she submitted propositions of law to be passed upon by the court; and at no time during the trial was the point here urged made.

It is also contended that plaintiff's second amended statement of claim did not state a cause of action because a copy of the bond sued on was not filed with it. This contention is without merit. It was not necessary under the municipal court practice to file a copy of the bond with said statement of claim. (*Ferguson v. Hale,* 162 Ill. App. 523, 525; *Guerra v. Rocco,* 181 Ill. App. 528, 529.) Furthermore, a copy of the bond was filed with plaintiff's original statement of claim and in said amended statement of claim reference was made to said copy so originally filed in the cause.

A further contention of counsel, as we understand it, is that, inasmuch as plaintiff obtained a foreclosure decree under a bill filed by her against John J. Curran, plaintiff is not barred from maintaining this action on the theory that the liability of the makers

of said bond should have been determined in said foreclosure proceedings and that the decree therein rendered is *res adjudicata*. We cannot agree with the contention. The trust deed which was foreclosed was given by John J. Curran to secure the payment of his note for $30,000. Isabella Curran was not liable on said note either as a maker or as a guarantor. John J. Curran also signed the bond in question as security to plaintiff that he would keep his further agreement to erect a building or improvements on the property within one year. Isabella Curran was the surety on this bond. Her responsibility, as such surety, was limited to such damages as plaintiff might sustain by reason of John J. Curran's failure to comply with the covenants of the bond. We think that the liability of John J. Curran on the note was separate and distinct from the liability of the two Currans on the bond; and that the question of the liability on the bond had no proper place in the foreclosure proceedings.

As to the proper measure of damages on such a bond as the one sued upon, the case of *United Real Estate Co. v. McDonald,* 140 Mo. 605, is in point. In that case the Real Estate Company sued McDonald, as principal, and others, as sureties, on a bond which obligated McDonald to build on a certain lot, which he had purchased from the Real Estate Company, ten buildings at a cost of not less than $35,000 before a certain time. The houses were not built and the Real Estate Company, in an action on the bond, claimed damages in the sum of about $18,500. The Real Estate Company tried the case on the theory that the law would presume that the construction of buildings of a certain cost would add that amount to the value of the real estate and introduced no evidence as to the value of the real estate without the buildings thereon and its value with the buildings thereon. Because of the lack of this essential proof the court di-

rected the entry of a judgment against the defendants for the penalty of the bond, but only allowed damages to the amount of one cent. The court says (p. 612):

"By reference to the breach alleged, it will be observed that damages were sought for the failure to build the houses called for in the bond on or before June 28, 1893. It stands confessed that the houses were never built. * * * The condition of the bond is not that McDonald's note should be paid, but that the houses should be built. The measure of the damages for the failure to build the houses of the kind stipulated in the bond would be the difference between the value of the realty without such buildings and the value of the property with such buildings at the time of the breach, to wit, June 28, 1893. Plaintiff might and indeed did have other remedies on its notes against McDonald and its deed of trust but that bond stood as security for the difference between the land without and the land with the buildings on it. The obligation of neither the principal nor the sureties thereon extended one farthing beyond this difference. * * * It follows that it was necessary for plaintiff to establish what that difference was. This could be shown only by proof of the value of the realty without the buildings on or before June 28, 1893, and what it would have been worth with the buildings."

In the present case the necessary proof was made. The testimony of plaintiff's witnesses, Babcock and Allen, disclosed, in substance, that in the years 1909 and 1910 the value of the real estate without any building or improvements thereon was $29,000, and that, if during those years a building costing $10,000 had been erected thereon, the value of the land and building would have been in excess of $39,000; and the defendants offered no proof to the contrary. The evident object of plaintiff in obtaining the bond was to increase the value of her security for the $30,000 note of John J. Curran. It is true that the bond in question did not specify the nature or character of the building or improvements to be constructed on the

property, beyond the fact that the same should not cost less than $10,000. It is also true that the question, whether or not the value of the property would have been enhanced by the construction of such building or improvements, depends to some extent upon the nature or character thereof. We think, however, in the present case it is to be presumed that the parties had in mind the construction of a building or improvements suitable to the locality. The building or improvements were not erected within the year or at any time. John J. Curran made default in his interest payments, and his trust deed, securing his $30,000 note, was foreclosed. At the foreclosure sale the real estate, unimproved, sold for $28,500. John J. Curran's debt to plaintiff was not fully satisfied, and plaintiff obtained a deficiency decree of $5,435.49 on June 7, 1912. Had John J. Curran kept his agreement with plaintiff to erect on the property within one year from July 2, 1909, a building or improvements costing not less than $10,000, a foreclosure suit in all probability would not have been instituted, and, if it had been, plaintiff would have realized on the debt in full. Under the facts disclosed in this record we think that plaintiff was damaged, by reason of the failure of John J. Curran to comply with the covenants of his bond, at least in the amount of plaintiff's deficiency decree, together with interest thereon from the date of said decree.

For the reasons indicated the judgment of the municipal court is affirmed.

*Affirmed.*

Mr. Presiding Justice Barnes and Mr. Justice Matchett concur.